UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 6:05CR22 |
| CURTIS WAYNE ALLBRIGHT | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On August 16, 2005, the Court conducted a hearing to consider Government's Petition to revoke the supervised release of Curtis Wayne Allbright. The Government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by Greg Waldron, Federal Public Defender for the Eastern District of Texas.

The Defendant plead guilty to possession of stolen mail and aiding and abetting in violation of 18 U.S.C. § 1708 and 2, a Class D felony. On April 5, 2002, Defendant was sentenced before the Honorable Barefoot Sanders of the Northern District of Texas to a term of five months imprisonment and three years supervised release. The supervised release contained standard conditions prohibiting Defendant from illegally possessing a controlled substance or committing any Federal, State, or local crime during the term of supervision. In addition, the Court imposed special conditions including a term of home confinement, restitution, and participation in a drug treatment program. The U.S. Probation Office approved a drug treatment program for Defendant consisting of out-patient counseling and drug testing to be conducted at Woodbine Treatment Center.

The Government brings this Petition for revocation of Defendant's supervised release based on Defendant's violation of four conditions of his supervised release. First, on July 19, 2005

Defendant failed to report to the U.S. Probation Office for a mandatory meeting. Second, Defendant tested positive for methamphetamine during drug tests conducted on November 30, 2004, December 8, 2004, January 35, 2005, and March 28, 2005. Third, Defendant failed to appear for drug counseling sessions on July 7, 14, and 20, 2005. Fourth, Defendant failed to submit to drug testing on July 7, 12, 14, 21, and 25, of 2005.

Under 18 U.S.C. § 3583(e)(3), the Court may, in its discretion, revoke Defendant's term of Supervised Release and impose a term of imprisonment if Defendant violates a condition of supervised release. The term of imprisonment imposed for such a violation may be no longer than the maximum statutory sentence for the original crime, without credit for time previously served on post-release supervision. The original offense in this case was a Class D felony. Thus, if the Court finds by a preponderance of the evidence that Defendant has failed to appear for drug counseling or failed to report to the U.S. Probation Office, it may impose a term of imprisonment of no more than two years.

Under 18 U.S.C. § 3583(g), the Court shall revoke a term of supervised release if Defendant possesses a controlled substance or fails to report for drug testing required by the U.S. Probation Office as a condition of supervised release. The term of imprisonment imposed for such a violation may be no longer than the maximum statutory sentence for the original crime, without credit for time previously served on post-release supervision. The original offense in this case was a Class D felony. Thus, if the Court finds by a preponderance of the evidence that Defendant has failed to report for drug testing or possessed a controlled substance, it may impose a term of imprisonment of no more than two years. Although the Government does not specifically allege Defendant possessed a controlled substance in its Petition, Defendant tested positive for methamphetamine,

which constitutes possession under 5th Circuit law.

Defendant plead True to violating four conditions of his supervised release as alleged in the Government's Petition, and specifically admitted taking methamphetamine prior to each of the occasions when he tested positive. The sentencing Guideline range for a Class D felony is 4 to 10 months.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. The Government recommended that the defendant be committed to the custody of the Bureau of Prisons for a term of 4 months with no supervised release to follow. The defendant had no objection to the Government's recommendation, except that he be incarcerated in FCI Seagoville.

Pursuant to the Sentencing Reform Act of 1984 it is the recommendation of the Court that the defendant, Curtis Wayne Allbright, be committed to the custody of FCI in Seagoville for a term of 4 months with no supervised release to follow.

**SIGNED** this **18** day of **August, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE